**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAHOA F.,<br><br>                    Plaintiff,<br><br>          v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>                    Defendant. | No. 2:25-cv-05845-AYP<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Nahoa F.[1] seeks review of the Commissioner's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. (Dkt. No. 1.) The parties consented to proceed before the magistrate judge and thereafter filed briefs addressing the disputed issues. (Dkt. Nos. 4, 7, 12, 16.) The Court took the matter under submission without oral argument. For the reasons discussed below, the Court finds that the Commissioner's decision should be

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

affirmed.

## I.      BACKGROUND

In September 2022, Plaintiff applied for DIB and SSI, alleging disability beginning in childhood due primarily to autism.  (Administrative Record ("AR") 17, 92, 195-208.)   After his applications were denied initially and on reconsideration, he requested a hearing before an administrative law judge ("ALJ").  (AR 92-95, 99-107.)  The ALJ conducted a hearing in June 2024, at which Plaintiff appeared with counsel and testified.  (AR 32-49.)  A vocational expert ("VE") also testified.  (AR 49-51.)

In July 2024, the ALJ issued a decision denying benefits.  (AR 14-31.) Following the five-step sequential evaluation process applicable to disability determinations,[2] the ALJ found that Plaintiff had the following "severe" impairments: autism spectrum disorder, depressive disorder, and anxiety disorder. (AR 20.)  The ALJ determined that Plaintiff nevertheless retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but was limited to unskilled work with no direct teamwork or public interaction required.   (AR 22.)   At step four, relying on the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as a grinding and polishing laborer.  (AR 26.)  Accordingly, the ALJ did not proceed to step five and concluded that Plaintiff was not disabled during the relevant period, from the date he attained age 18 through the date of the ALJ's decision. (AR 26-27.)

In July 2024, Plaintiff filed a request with the Appeals Council for review

---

[2] The ALJ determines disability using a five-step sequential evaluation process, which examines whether (1) the claimant engaged in substantial gainful activity, (2) the claimant has a severe impairment, (3) the impairment meets or equals a listed impairment, (4) the claimant is able to do past relevant work, and (5) the claimant is able to do any other work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

of the ALJ's decision.  (AR 193-94.)  The Appeals Council subsequently denied Plaintiff's request for review.  (AR 1-6.)

## II.      STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995).  "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted).  In determining whether substantial evidence supports the ALJ's findings, the Court must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  *Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021).  When the evidence can rationally be interpreted in more than one way, the Court must uphold the Commissioner's decision.  *Id.*; *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

## III.      DISCUSSION

Plaintiff raises a single claim, specifically that the ALJ improperly evaluated the opinion of consultative examiner Kim Chronister, Psy.D.  (Dkt. No. 12 at 2-6.)  As discussed below, the Court finds Plaintiff's argument unpersuasive.

Dr. Chronister evaluated Plaintiff in July 2023 in connection with his disability claim.  (AR 493-97.)  Plaintiff reported autism, depression, and anxiety, and endorsed symptoms including concentration difficulties, anger outbursts, social awkwardness, and difficulty managing daily responsibilities without reminders.  (AR 493.)  On mental status examination, Dr. Chronister observed that Plaintiff appeared confused about the evaluation process, repeatedly asked about the nature of the examination, exhibited poor eye

contact, and displayed a dysphoric and agitated mood. (AR 493-94.)  She also noted normal appearance, cooperative behavior, normal speech, organized thought processes, intact orientation, intact digit span testing, and generally intact memory and concentration measures. (*Id.*)  Dr. Chronister diagnosed autism spectrum disorder, recurrent moderate major depressive disorder, unspecified anxiety disorder, and insomnia. (AR 495.)  Based on her evaluation, Dr. Chronister opined that Plaintiff was markedly limited in performing simple and repetitive tasks and detailed and complex tasks, interacting with coworkers and the public, performing work activities on a consistent basis without special or additional instructions, maintaining regular attendance and completing a normal workday or workweek without interruptions from a psychiatric condition, and dealing with ordinary workplace stress. (AR 495.)  She further opined that Plaintiff was moderately limited in accepting instructions from supervisors. (*Id.*)

The ALJ found Dr. Chronister's opinion unpersuasive because it was not well supported by her clinical findings and was inconsistent with the other evidence of record. (AR 25.)  The ALJ noted that Dr. Chronister's examination reflected both abnormal and intact findings and found that her assessed marked limitations were inconsistent with Plaintiff's lack of mental health treatment, his reported activities and abilities, and the opinions of consultative examiner Banafshe Sharokhi, Ph.D. and State agency psychological consultant B. Dalton, Psy.D. (*Id.*)

Because Plaintiff filed his claim after March 27, 2017, the ALJ was required to evaluate the persuasiveness of Dr. Chronister's opinion under the revised regulations governing medical opinion evidence.  *See* 20 C.F.R. §§ 404.1520c, 416.920c.  Under those regulations, supportability and consistency are the "most important factors" in evaluating medical opinion evidence.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  "Supportability" concerns the extent

4

to which a medical source supports the opinion with objective medical evidence and supporting explanations, and "consistency" concerns how consistent the opinion is with evidence from other medical and nonmedical sources in the record. 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). Although the revised regulations eliminated the requirement that ALJs defer to treating and examining physicians' opinions, an ALJ must articulate how the supportability and consistency factors were considered. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The Court reviews the ALJ's evaluation of the medical opinion evidence to determine whether it is supported by substantial evidence and free of legal error. *See Woods*, 32 F.4th at 787.

Here, the ALJ adequately addressed the supportability of Dr. Chronister's opinion. Although Dr. Chronister assessed marked limitations in numerous areas of mental functioning, her opinion was based primarily on a single clinical interview and mental status examination, without review of treatment records or administration of formal psychological testing. (AR 493-97.) The ALJ reasonably observed that the examination reflected a mixture of abnormal and intact findings. (AR 25.) Dr. Chronister noted poor eye contact, a dysphoric and agitated mood, and some confusion during the evaluation, but also observed normal appearance, cooperative behavior, normal speech, average estimated intellectual functioning, intact orientation, linear and organized thought processes, intact digit span testing, and generally intact memory and concentration measures. (AR 493-94.) Dr. Chronister attributed her assessed limitations to Plaintiff's autism, anger issues, depression, and anxiety, but provided limited explanation as to how her examination findings translated into the extensive marked limitations assessed. (AR 495-96.) Under these circumstances, the ALJ could reasonably conclude that Dr. Chronister's own findings did not adequately support the marked limitations assessed in her

opinion.

The ALJ also reasonably found that Dr. Chronister's opinion was inconsistent with the longitudinal evidence of record.  (AR 25.)  Although Plaintiff had a longstanding history of autism dating back to childhood, the record contained relatively limited mental health treatment.  Plaintiff testified that he was not receiving psychiatric treatment, psychotherapy, medication management, or Regional Center services, and the medical evidence consisted primarily of consultative examinations and a limited number of Kaiser mental health encounters.   (AR 40-41, 44, 356-57.)   Those records documented symptoms and findings including poor eye contact, flat affect, depressed mood, anxiety, and social difficulties.  (AR 360-62, 494, 509, 514, 518, 520, 571.)  At the same time, the medical evidence also reflected numerous intact findings, including cooperative behavior, normal speech, logical and coherent thought processes, intact cognition, and good insight.  (AR 360-62, 494, 514, 520.)  In addition, Dr. Sharokhi administered formal psychological testing, including the WAIS-IV and WMS-IV, which reflected average overall intellectual functioning with a Full Scale IQ score of 94.  (AR 355-68.)   Accordingly, while the record supported the existence of autism and other mental impairments, it did not consistently reflect the marked limitations assessed by Dr. Chronister.

The ALJ also noted that Dr. Chronister's assessment was inconsistent with the other medical opinions in the record.  After examining Plaintiff and administering psychological testing, Dr. Sharokhi assessed no more than mild-to-moderate functional limitations.  (AR 367-68.)   Likewise, State agency psychological consultant Dr. Dalton reviewed the record and concluded that Plaintiff remained capable of simple work with no more than moderate mental limitations.   (AR 76-78.)   Dr. Dalton expressly rejected Dr. Chronister's assessment of marked limitations, finding that those limitations were inconsistent with Plaintiff's prior psychological testing, educational and

6

vocational history, activities of daily living, treatment history, and the medical evidence as a whole.  (AR 76.)

Finally, the ALJ found that Dr. Chronister's opinion was inconsistent with Plaintiff's demonstrated functioning.  Plaintiff reported that he could independently perform personal care, prepare simple meals, complete household chores, shop for groceries, drive, and go out alone.  (AR 48, 264-71, 360.)  He also reported engaging in activities such as reading, playing video games, exercising, and occasionally visiting friends.  (AR 48, 360.)  In addition, the record reflected that Plaintiff graduated from high school, completed some college coursework and vocational training, and previously performed substantial gainful activity despite his longstanding autism diagnosis.  (AR 36-42, 359.)  Although these activities do not necessarily establish an ability to sustain full-time competitive employment, the ALJ could reasonably find them inconsistent with Dr. Chronister's assessment of marked limitations across numerous areas of mental functioning.

In sum, substantial evidence supports the ALJ's evaluation of Dr. Chronister's opinion.  Accordingly, remand is not warranted.  *See Woods*, 32 F.4th at 787.

## IV.     ORDER

For the foregoing reasons, IT IS ORDERED that the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED:   June 8, 2026

_____
ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

7